IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD FURMAN BLIZZARD** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-CV-5761 |
| | : | |
| **FCI ELKTON, et al.** | : | |
| | : | |
| | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                                        **October 12, 2006**

Plaintiff Donald Furman Blizzard ("Plaintiff") brings this action against Dr. Bruce Ziran ("Ziran"), St. Elizabeth Health Center ("St. Elizabeth"), and the United States of America[1] (collectively, "Defendants") for medical malpractice, and for violations of the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. Now before the Court are: (1) Ziran's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) (lack of personal jurisdiction) and (b)(3) (improper venue) and Pennsylvania Rule of Civil Procedure 1042.3 (certificate of merit), and (2) St. Elizabeth's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and (b)(3) and Pennsylvania Rule of Civil Procedure 1042.3. For the reasons that follow, both motions will be granted in part, and the case will be transferred to the United States District Court for the Northern District of Ohio.[2]

---

[1] Pursuant to a Stipulation and Order dated February 28, 2006 (docket no. 16), the United States was substituted for defendants FCI Elkton, FCI Fort Devens, 4 unknown guards at FCI Elkton and FCI Fort Devens, medical personnel at FCI Elkton, medical personnel at FCI Fort Devons, and Dr. Sandra Howard.

[2] Also before the Court are "United States' Motion to Dismiss" (docket no. 15) and "Plaintiff's Motion to Waive Necessity to Comply with Pennsylvania Rule of Civil Procedure 1042.3 or in the Alternative to Grant an Extension of Time in Which to File a Certificate of Merit" (docket no. 17). As discussed below, the Court finds that transfer of the entire case to the Northern District of Ohio pursuant to 28 U.S.C. §§ 1404 and 1631 is in the interest of justice.

**I. BACKGROUND**

Accepting the allegations in the Complaint as true and construing all factual disputes in Plaintiffs' favor, the facts pertinent to these motions are as follows.  On January 1, 2004, Plaintiff, at the time an inmate at FCI Elkton in Elkton, Ohio, slipped and fell on the prison grounds.  Compl. ¶¶ 3, 7.  Plaintiff subsequently was taken by ambulance to St. Elizabeth in Youngstown, Ohio, where he was x-rayed and then examined by Ziran.  Id. at ¶¶ 14, 15.  Ziran diagnosed Plaintiff as suffering from a broken right leg and ankle, and on January 2, 2004, performed surgery to repair his injuries.  Id. at ¶¶ 15, 16.  Plaintiff alleges that when he awoke from surgery, he was told that another surgery would be required and was operated on again that same day.  Id. at ¶¶ 17, 18.  Plaintiff was reexamined on January 5, 2004 by Ziran and discharged after being told that he must return every week to have the "adjusters" which had been implanted in his leg set.  Id. at ¶ 20.

After his discharge, Plaintiff was transported back to FCI Elkton during a snow and ice storm in a non-ambulatory van.  Id. at ¶ 21.  Plaintiff alleges that he was dropped by two guards with no medical training, and that as a result, he suffered additional injuries to his leg.  Id. at ¶ 27.  He was taken to the prison's hospital, but there were no medical personnel present at the time.  Id. at ¶ 28.  The following morning, Plaintiff was x-rayed at the prison hospital; he claims to have been kicked and further injured by the x-ray technician.  Id. at ¶¶ 30-32.  Plaintiff was ordered by prison personnel to engage in physical therapy despite his complaints that his leg had been reinjured when he was dropped.  Id. at ¶ 35-36.  Plaintiff's leg subsequently became infected.  Id. at ¶ 34.

Plaintiff again was transported to St. Elizabeth in a non-ambulatory van on February 12,

---

Accordingly, the Court will not consider these motions.

2004 during a snow and ice storm. Id. at ¶ 37. On the way, the van went off the road twice, and Plaintiff, who was in an unsecured wheelchair, again suffered injuries to his leg. Id. at ¶¶ 39-41, 43.

Upon Plaintiff's arrival at St. Elizabeth, Ziran ordered x-rays and determined that Plaintiff's leg had been rebroken when he was dropped on January 5. Id. at ¶¶ 44, 45. Ziran informed Plaintiff that he would not reset his leg due to the displacement and the positioning of his "halo" cast. Id. at ¶ 47. Plaintiff was sent back to the prison with instructions that the cast be readjusted at the prison. Id. at ¶ 48.

After returning to the prison, Plaintiff was confined in a segregation cell and subsequently developed another infection in his leg. Id. at ¶ 49. The infection was so severe that Plaintiff was transported by aircraft to FCI Devens, a federal medical facility located in Ayers, Massachusetts. Id. at ¶¶ 4, 50. He was examined by Dr. Sandra Howard who recommended that he be taken to the University of Massachusetts Hospital. Id. at ¶ 52. Plaintiff remained at FCI Devens despite repeated requests that he be taken to the hospital. Id. at ¶ 53.

In his complaint, filed on November 1, 2005, Plaintiff alleges that he had to have his leg re-broken because it was deformed from the second break, that he suffered a heart defibrilation based on his shock immediately after he broke his leg and ankle, and that he broke his foot in a fall at the Antioch Transitional House due to his weakened condition from his prior injuries. Id. at ¶¶ 55-57.

## II. LEGAL STANDARD

When, as in this case, a defendant brings a motion to dismiss pursuant to Rule 12(b)(2), the plaintiff "bears the burden of establishing the court's jurisdiction[.]" Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004). To meet that burden, the plaintiff "need only establish

a prima facie case of personal jurisdiction and ... is entitled to have its allegations taken as true and all factual disputes drawn in its favor." Id.

A federal district court sitting in diversity may exercise jurisdiction over a foreign defendant's person to the extent allowed by the law of the state in which the district court is located. See Fed. R. Civ. P. 4(e).  Under state law, consideration of personal jurisdiction involves two steps: (1) the court must determine that exercising jurisdiction over the defendant is consistent with the relevant state long-arm statute; and (2) the court must then consider whether exercising jurisdiction would be consistent with the requirements of due process. IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998). The Pennsylvania long-arm statute allows courts to exercise personal jurisdiction to the fullest extent allowed by the Constitution. See 42 Pa.C.S.A. §5322(b). Accordingly, the Court's analysis focuses solely on federal due process requirements. Applied Tech. Int'l, Ltd. v. Goldstein, 2004 WL 2360388, at * 2 (E.D. Pa. October 20, 2004).

The Due Process Clause requires "(1) that the 'defendant have constitutionally sufficient minimum contacts with the forum...and (2) that subjecting the defendant to the court's jurisdiction comports with traditional notions of fair play and substantial justice.'" Toys "R" Us, Inc. v. Step Two, 318 F.3d 446, 451 (3d Cir. 2003) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)). Minimum contacts exist when there is "'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws[.]'" Id. (quoting Asahi Metal Indus. Co., Ltd. v. Superior Court of California, 480 U.S. 102, 109 (1987)).

A defendant's contacts with the forum state reach the minimum level in one of two ways. When the contacts are "continuous and systematic," the court may exercise "general jurisdiction"

over the defendant even if the contacts are unrelated to the plaintiff's cause of action. See Verotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co., 75 F.3d 147, 151 n.3 (3d Cir. 1996). In contrast, specific jurisdiction exists "only if the plaintiff's cause of action is related to or arises out of the defendant's contacts with the forum," Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002), such that the defendant "should reasonably anticipate being haled into court" in that forum. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

### III. ANALYSIS

In their motions to dismiss, both Ziran and St. Elizabeth argue that this Court lacks personal jurisdiction over them because they do not have sufficient contacts with Pennsylvania to subject them either to the general or specific jurisdiction of this Court. See Ziran Mot. at 3; St. Elizabeth Mot. at 4. Next, both defendants assert that even if this Court did have personal jurisdiction, the case should be dismissed because the Eastern District of Pennsylvania is an improper venue. See Ziran Mot. at 3; St. Elizabeth Mot. at 4-6. Both defendants further claim that even if venue were proper, the Eastern District of Pennsylvania would be sufficiently inconvenient that the case should be transferred to the Northern District of Ohio. See Ziran Mot. at 4-5; St. Elizabeth Mot. at 6-8. Finally, Ziran and St. Elizabeth argue that Plaintiff's complaint must be dismissed for failure to file a certificate of merit pursuant to Pa. R.C.P. 1042.3. See Ziran Mot. at 6-7; St. Elizabeth Mot. at 8-11.

"Generally, the question of personal jurisdiction should be decided before the court turns to the issue of venue, unless there is a sound reason for deciding venue first." Gallant v. Trustees of Columbia University, 111 F. Supp. 2d 638, 640 (E.D. Pa. 2000) (citing Leroy v. Great W. United Corp., 443 U.S. 173, 180 (1979)). Accordingly, the Court must first address the defendant's arguments regarding personal jurisdiction. Finding that the Court lacks personal

jurisdiction over either of these defendants, the Court need not reach the other arguments presented by these motions.

**A.     The Court Lacks Personal Jurisdiction Over Ziran and St. Elizabeth**

Plaintiff fails to assert that either Ziran or St. Elizabeth has "continuous and systematic" contacts sufficient to allow this Court to exercise general personal jurisdiction over them.  In fact, Plaintiff makes no allegations regarding a possible connection between Ziran or St. Elizabeth and Pennsylvania other than that his permanent address is in Delaware County, Pennsylvania. Id. at ¶ 2.  Ziran, on the other hand, asserts that at the time of the alleged incident, he was practicing medicine in Ohio and was not licensed to practice in Pennsylvania.  See Ziran Mot. at 3. Moreover, he did not maintain an office in Pennsylvania and did not have any agents or employees conducting business in Pennsylvania on his behalf.  See id.  St. Elizabeth asserts that it is located in Youngstown, Ohio, and that Plaintiff was treated in its facilities in Youngstown.  See St. Elizabeth Hospital at 4.  Based on these assertions, neither Ziran nor St. Elizabeth has the "continuous and systematic" contacts with this state necessary to confer general personal jurisdiction.  See Kurtz v. Drauer, 434 F. Supp. 958, 962 (E.D. Pa. 1977) (finding that Plaintiff had not established general personal jurisdiction over a physician and his employer where the only contact with the forum state was the residual harm suffered by the decedent); see also Walters v. St. Elizabeth Medical Center, 543 F. Supp. 559, 560 (W.D. Pa. 1982) (finding that plaintiffs' residence in Pennsylvania was insufficient to sustain jurisdictional power over dispute involving Ohio-based hospital with no contacts with Pennsylvania).

The Complaint similarly fails to assert that Plaintiff's causes of action are "related to or arise[] out of" contacts that Ziran or St. Elizabeth has with the Commonwealth so as to confer this Court with specific personal jurisdiction.  Plaintiff alleges that all of the medical care he received

from Ziran occurred at the St. Elizabeth facilities in Youngstown, Ohio. See Compl. at ¶¶ 15-20, 44-47, 76-85. "The weight of authority holds that when treatment is rendered outside the forum state, a nonresident medical provider cannot be subject to specific jurisdiction" in the forum state. Gallant, 111 F. Supp. 2d at 643; see also Kurtz, 434 F. Supp. at 962 (finding that the Court did not have specific jurisdiction where the alleged negligent acts of a physician and the alleged harm caused by those acts occurred in Nebraska). Accordingly, neither Ziran nor St. Elizabeth is subject to specific personal jurisdiction before this Court.

"When a defendant raises the defense of the court's lack of personal jurisdiction, the plaintiff has the burden of bringing forward sufficient jurisdictional facts to establish with reasonable particularity that there were sufficient contacts between the defendant and the forum to make jurisdiction proper." Guardi v. Desai, 151 F. Supp. 2d 555, 558 (E.D. Pa. 2001) (citing Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992)). Rather than alleging additional facts that would allow this Court to exercise personal jurisdiction over Ziran and St. Elizabeth, Plaintiff argues that 28 U.S.C. § 1391 provides the basis for personal jurisdiction. See Pl.'s Reply to Ziran Mot. at 9.[3] However, 28 U.S.C. § 1391, entitled "Venue Generally," is clearly a venue statute, and therefore provides no independent basis for the Court to exercise personal jurisdiction over Ziran or St. Elizabeth. Accordingly, since Plaintiff has failed to assert sufficient jurisdictional facts, this Court lacks personal jurisdiction over Ziran and St. Elizabeth.

      **B.**       **Transfer to the Northern District of Ohio Is In The Interests of Justice**

---

[3] Plaintiff also suggests that Ziran "may be considered [an] agent[] of the United States Government." See Pl.'s Reply to Ziran's Mot. at 9. The Court need not consider this argument since pursuant to the parties' Stipulation (docket no. 16), which was submitted after Plaintiff's reply was filed, the United States Government was substituted as the sole defendant for all defendant federal employees and correctional institutions. Ziran was not one of those parties for whom the United States was substituted.

Both Ziran and St. Elizabeth argue in their motions that, based on lack of personal jurisdiction, the claims against them should be dismissed. The Court, however, concludes that, in the interest of justice, the entire action should be transferred to the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a) and 28 U.S.C. § 1631.[4]

28 U.S.C. § 1404(a) allows the Court to transfer an action to another district where it could have been brought originally "[f]or the convenience of parties and witnesses, in the interest of justice." Section 1631 provides that:

> Whenever a civil action is filed in a court ... and that court finds that there is want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. §1631. Thus, the Court has the authority to transfer the claims against Ziran and St. Elizabeth to another venue where the action originally could have been brought if such a transfer would be in the interest of justice. See Island Steel Sys., Inc. v. Waters, 296 F.3d 200, 218 n.9 (3d Cir. 2002); see also Gallant, 111 F. Supp. 2d at 644-45; Kishi Int'l, Inc. v. Allstates Textile Mach., Inc., 1997 WL 186324, at *5 (E.D. Pa. April 11, 1997); Chicosky v. Presbyterian Med. Center, 979 F. Supp. 316, 320. Moreover, the Court has the authority to transfer the claims against the United States at the same time if it would be in the interest of justice to do so. See Chicosky, 979 F.Supp. at 319-20.

In his Complaint, Plaintiff acknowledges that the alleged causes of action against Ziran and St. Elizabeth occurred in Ohio and that he is no longer a resident of Ohio. Therefore, this

---

[4] The Court may transfer the claims against Ziran and St. Elizabeth even though it lacks personal jurisdiction over them. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962).

action properly could have been brought in a venue in Ohio.  In addition, most of the witnesses, including Ziran, the relevant personnel from St. Elizabeth, and the relevant personnel from FCI Elkton, and likely most of the documentary evidence are located in Ohio.  Moreover, both Ziran and St. Elizabeth suggest that the Northern District of Ohio would have been the more appropriate forum.  See Ziran Mot. at 5; St. Elizabeth Mot. at 6.  Given the alternative of dismissing the claims against Ziran and St. Elizabeth, the Court finds that it would be in the interest of justice to transfer the entire action to the Northern District of Ohio.  Accordingly, the Court will not reach the other issues raised in Defendants' motions to dismiss.

## IV. CONCLUSION

For the above reasons, Ziran's and St. Elizabeth's motions will be granted in part, and this action will be transferred in its entirety to the Northern District of Ohio.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD FURMAN BLIZZARD** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 05-CV-5761 |
| | : | |
| **FCI ELKTON, et al.** | : | |
| | : | |
| | : | |

### ORDER

**AND NOW**, this 12th day of October, 2006, upon consideration of Defendant Bruce Ziran's Motion to Dismiss (docket no. 2), Plaintiff Donald Blizzard's Response thereto (docket no. 7), Defendant Ziran's Surreply (docket no. 9), and Defendant St. Elizabeth Hospital's Motion to Dismiss (docket no. 11), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that:

(1) Defendant Ziran's Motion is **GRANTED IN PART**;

(2) Defendant St. Elizabeth Hospital's Motion is **GRANTED IN PART**; and

(3) The entire action is **TRANSFERRED** to the United States District Court for the Northern District of Ohio.

BY THE COURT:

/s/ Bruce W. Kauffman

**BRUCE W. KAUFFMAN, J.**